HINKLE, District Judge,
concurring:
I concur in the result and agree with most of the thorough primary opinion. I write separately to address three points.
I
The case arises from the revocation of the plaintiff Delma Jackson’s visitation privileges with her incarcerated husband. Her husband was on a hunger strike. The district court granted summary judgment for the defendant Corrections officials on Ms. Jackson’s claim that the revocation violated the First Amendment. The basis for the ruling was qualified immunity. But the district court denied summary judgment on a different claim — a claim that the Corrections' officials violated the First Amendment by failing to reinstate the visitation privileges after the hunger strike ended. So far as the record shows, the Corrections officials still have not reinstated Ms. Jackson’s visitation privileges.
The Corrections officials appealed. Ms. Jackson did not cross-appeal.
Ms. Jackson asserts we should affirm for a reason different from that adopted by the district court. Ms. Jackson says the original revocation of her visitation privileges violated the First Amendment, that this was so as a matter of clearly established law, and that the violation continued for as long as the revocation continued. Ms. Jackson thus says, in effect, that qualified immunity does not bar the revocation claim and that it necessarily follows that qualified immunity also does not bar any failure-to-reinstate claim.
The primary opinion concludes that Ms. Jackson’s failure to cross-appeal forecloses this argument. I disagree. As is well established, an appellee can assert in support of a judgment any ground supporting the judgment, whether or not adopted by the district court. See, e.g., Blum v. Bacon, 457 U.S. 132, 137 n. 5, 102 S.Ct. 2355, 72 L.Ed.2d 728 (1982) (“[Without filing a cross-appeal or cross-petition, an appellee may rely upon any matter appearing in the record in support of the judgment below.”).
The primary opinion recognizes this principle but says it does not apply here because of another well established principle: an appellee who does not cross-appeal cannot expand the judgment beyond its terms. See, .e.g., El Paso Natural Gas Co. v. Neztsosie, 526 U.S. 473, 479, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999). That principle means that Ms. Jackson cannot obtain from this court a mandate directing the district court to vacate its unappealed order granting summary judgment for the Corrections officials on the revocation claim. But in my view, this principle does not prevent us from addressing all the issues properly raised on this appeal, including any argument by Ms. Jackson supporting the judgment under review. If it turns out that any opinion of this court addressing the issues that are properly here has the collateral effect of suggesting that any unappealed, interlocutory order is incorrect, so be it.
My disagreement with the primary opinion on this point makes no difference, because even if Ms. Jackson’s argument is properly here, the argument fails on the merits. The Corrections officials have qualified immunity from the revocation claim, as the district court correctly held. On these facts, the primary opinion’s conclusion that the Corrections officials have qualified immunity from any failure-to-reinstate claim plainly means they also have qualified immunity from the revocation claim.
*1244 II
On the primary opinion’s view of the facts, the Corrections officials revoked Ms. Jackson’s visitation privileges for both a lawful motive (preventing the security risk and harm to the institution that come with hunger strikes) and an unlawful motive (punishing Ms. Jackson for free speech for reasons unrelated to security and institutional harm). The primary opinion says, “[T]he law of this Circuit is that, where, as here, the facts assumed for summary judgment show both a lawful and unlawful motivation for the decision made by a government official, the official is entitled to qualified immunity.” For this proposition the primary opinion cites Foy v. Holston, 94 F.3d 1528, 1535 (11th Cir.1996). Another case supporting the statement is Stanley v. City of Dalton, Ga., 219 F.3d 1280 (11th Cir.2000).
This indeed seems to be the law of the circuit. But it should not be. In a proper case, when it makes a difference, the issue should be revisited.
Consider a case in which a prisoner •engages in misconduct and is also a Catholic. After appropriate disciplinary proceedings, a correctional officer decides to put the prisoner in the special housing unit, motivated partly by the misconduct, and partly by the prisoner’s religion.
Does the correctional officer have qualified immunity? If the officer would have put the prisoner in the SHU regardless of the prisoner’s religion, the answer is yes (so long as putting a prisoner in the SHU for misconduct of this kind would not have violated clearly established law). But if the officer would have left a non-Catholic in the general population, the officer loses, both on the merits and on the issue of qualified immunity. Nobody could believe it is constitutional to put a Catholic in the SHU when a non-Catholic would remain in the general population.
On one reading, Foy and Stanley and the statement from the primary opinion quoted above would afford qualified immunity to the officer who put the Catholic in the SHU, even if the officer would not have put a non-Catholic in the SHU. That cannot be right.
In real life, of course, the facts are never as clear as in my hypothetical. In a mixed-motive case, it is hard to know whether a factor was a but-for cause, on the one hand, or merely a motivating factor that did not change the result, on the other hand. When the issue is qualified immunity, the inclination is to give the benefit of the doubt to the official claiming immunity. And «the inclination further is to resolve the issue by granting summary judgment. But in ruling on a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences must be drawn, in favor of the non-moving party. That is true when the issue is qualified immunity, just as when the issue is something else. See, e.g., Tolan v. Cotton, — U.S. -, 134 S.Ct. 1861, 1866, 188 L.Ed.2d 895 (2014) (“Our qualified-immunity cases illustrate the importance of drawing inferences in favor of the nonmovant....”).
In my view, summary judgment is improper when (1) a plaintiff asserts that an officer took action based on a factor that, as a matter of clearly established law, could not constitutionally be considered, and (2) the record presents a genuine dispute over whether that prohibited factor was a but-for cause of the officer’s challenged action. In asserting the contrary, Foy and Stanley confuse the subjective standard that governs the merits (what was the officer’s actual motivation for taking the challenged action?) with the objective standard that applies to qualified immunity (would a reasonable officer have known that taking action for that reason *1245 was unconstitutional?). An officer’s actual thought process does not always line up with what a reasonable officer could have thought.
None of this calls into question the primary opinion’s conclusion that the Corrections officials are entitled to summary judgment here. The record establishes without genuine dispute that in prohibiting Ms. Jackson from visiting her husband, the Corrections officials were motivated at least in part by legitimate concern for institutional security and resources. No clearly established law suggested that acting on that basis was unconstitutional. On this record, a reasonable jury could find that Ms. Jackson’s protected activities were a motivating factor in the decision to prohibit her from visiting, but a reasonable jury could not find that her protected activities were a but-for cause of the decision.
Ill
Finally, the primary opinion correctly notes that the Corrections officials made a single decision to revoke Ms. Jackson’s visitation privileges and are entitled to qualified immunity for that decision. The district court faulted the Corrections officials for failing to reinstate Ms. Jackson’s visitation privileges, and the dissent agrees. But Ms. Jackson did not ask the Corrections officials to reinstate her privileges. In the second amended complaint, Ms. Jackson did not assert a separate failure-to-reinstate claim. And on appeal, Ms. Jackson has not asked us to recognize a separate failure-to-reinstate claim. Before us, Ms. Jackson relies instead on her assertion that her visitation privileges never should have been revoked in the first place.
The bottom line is this. No clearly established law prohibited the Corrections officials from revoking Ms. Jackson’s visitation privileges (as they would have done even had she not engaged in protected activities), and no clearly established law obligated the Corrections officials to reinstate Ms. Jackson’s visitation privileges in the absence of any request for reinstatement. The officials are entitled to summary judgment ending the litigation in its entirety.